IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DANNY LEE GRALL,

      Plaintiff,

v.                                                                                    Civil No. 2:14-cv-45

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.

**REPORT AND RECOMMENDATION THAT PLAINTIFF'S
MOTION TO PROCEED AS A PAUPER BE DENIED**

On June 13, 2014, the *pro se* Plaintiff filed a complaint against the Commissioner of Social

Security under 42 U.S.C. § 405(g), and an Application for Leave to Proceed *in forma pauperis*.[1]

Plaintiff's application reveals that he lives with his wife, two young children, and his mother-in-

law,[2] and that he is unemployed. His wife earns $2500 per month[3] and his mother-in-law receives

$5000 per month in retirement. Plaintiff and his spouse own a two-bedroom house that they

sometimes rent out, a car worth $8000, and a Jeep worth $3000. Additionally, Plaintiff's spouse has

$1000 in bank accounts and Plaintiff's mother-in-law has $2500 in bank accounts. Plaintiff estimates

his spouse's total monthly expenses to be $2850 and his mother-in-law's total monthly expenses to

be $4405. Plaintiff also notes that his household's medical bills are increasing and that his spouse

---

[1]Dkt. Nos. 1 & 2, respectively.

[2]Plaintiff's application notes that another adult lives in the household, but he does not specifically identify
his mother-in-law as the other adult. The Court gleaned that information from Plaintiff's complaint.

[3]It is unclear from Plaintiff's application exactly how much his wife earns per month. In one portion of the
application, Plaintiff lists his wife's gross monthly income as $3200, but in other portion, he lists her income as
$2500. Giving the Plaintiff the full benefit of the doubt, the Court will use $2500 as the monthly income amount.

"sometimes juggles bills in order to get them paid." He also notes that the property his spouse owns

needs major repair work, which they cannot afford to have done.

A plaintiff need not be absolutely destitute to enjoy the benefit of proceeding *in forma*

*pauperis*. *Adkins v. E.I. DuPont De Nemours & Co.*, 335 U.S. 331, 339 (1948). Nor should a

plaintiff have to enter destitution in order to pay a filing fee. *Id*. The question turns on whether a

plaintiff can pay for the costs and "and still be able to provide himself and dependants with the

necessities of life." *Id*. Further, in assessing an application to proceed as a pauper, "a court may

consider the resources that the applicant has or 'can get' from those who ordinarily provide the

applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next

friend." *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quoting *Williams*

*v. Spencer*, 455 F. Supp. 205, 208–09 (D. Md. 1978); *see also Assaad-Faltas v. Univ. of S. Car.*, 971

F. Supp. 985, 990 n. 9 (D.S.C. 1997) (finding it proper to consider whether the party claiming

indigent status receives financial support from her family).

Here, assuming that Plaintiff's spouse earns $2500, and not $3200, per month, Plaintiff and

his spouse's monthly expenses exceed their monthly income by $350. While normally, this would

result in a finding that Plaintiff cannot pay the filing fee without foregoing the necessities of life;

in this case, Plaintiff's spouse has enough cash on hand in checking and savings accounts to pay the

$400 filing fee. Additionally, when taking into account the income and expenditures of all adults

living in Plaintiff's household, total household income actually exceeds total household expenses

by $245. Finally, in his expenditures, Plaintiff claims that his household spends a total of $1450 on

food, recreation, and clothing. Surely they can forego some of these activities to pay the filing fee.

Accordingly, because requiring Plaintiff to pay the filing fee would not require him to choose

between this civil action and the necessities of life, the Court **RECOMMENDS** that Plaintiff's motion to proceed as a pauper be **DENIED**, and that he be required to pay the $400 filing fee.

The Clerk is directed to transmit a copy of this recommendation to the *pro se* Plaintiff via certified mail, return receipt requested. Any party may, within fourteen [14] days of receipt of this recommendation, file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge of record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).


DATED: July 2, 2014                     /s/ *James E. Seibert*
                                        JAMES E. SEIBERT
                                        UNITED STATES MAGISTRATE JUDGE